UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

SUMMER'S TURF LLC,

                Plaintiff,

      v.                                       Case No. 3:24-cv-50420

PARKER JOHNSON,

                Defendant.

## COMPLAINT

Plaintiff, Summer's Turf LLC ("Summer's Turf" or "Plaintiff"), by its attorneys, Reinhart Boerner Van Deuren s.c., for its Complaint against Defendant, Parker Johnson ("Defendant"), alleges as follows:

### INTRODUCTION

1. This is an action for trademark infringement under the United States Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and for deceptive trade practices under the Uniform Deceptive Trade Practices Act, 815 ILCS 510.

### THE PARTIES

2. Plaintiff, Summer's Turf LLC, is an Illinois corporation with its principal place of business at 102 Staffordshire Drive Northeast, Poplar Grove, IL 61065.

3. Defendant, Parker Johnson, is an individual residing at 7815 Shore Drive, Machesney Park, IL 61115.

52583213v5

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

5. Defendant is subject to personal jurisdiction in this District because Defendant is an individual who, on information and belief, resides in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391 because, on information and belief, Defendant resides in this District and committed acts of infringement in this District.

## BACKGROUND

**Plaintiff's Trademark**

7. Plaintiff Summer's Turf is a landscaping company

8. Plaintiff is the owner of the common law trademark "Summer's Turf", hereinafter "the trademark."

9. Plaintiff is also the owner of the Federal Trademark Application, Serial No. 98/744,744, for the trademark for lawn care services.

10. The trademark has been continuously used in Northern Illinois for over 35 years. Through the longstanding use of this trademark, it has become a source indicator for quality lawn care services.

11. The trademark has been used on the Summer's Turf website and in connection with activities promoting its brand, including on social media.

12. The use of the trademark has generated substantial customer recognition and goodwill in the field of lawn care and landscaping.

13. Plaintiff rightfully purchased the trademark from its former owner for good and valuable consideration, and has the right to enforce the trademark.

**Defendant's Wrongful Acts**

14. Defendant was previously employed by the former owner of the trademark.

15. After his employment with the trademark's former owner ended, Defendant began to perform landscaping and lawn care services under the name "Summer's Turf Landscaping."

16. The name "Summer's Turf" is the dominant term in the phrase "Summer's Turf Landscaping," such that the addition of the word "landscaping" does not create a separate commercial impression distinct from Plaintiff's trademarked name.

17. Defendant has used and continues to use the trademark in promoting and performing the same type of services offered by Plaintiff, to customers in the same Northern Illinois region.

18. Defendant has misappropriated and infringed the trademark by displaying it on his trailer, which he uses in connection with landscaping and lawn care services.

19. Defendant has misappropriated and infringed the trademark by using it to promote his own services under the name "Summer's Turf Landscaping," including on social media.

20. A side-by-side comparison of Plaintiff's use and Defendant's infringing use of the trademark on Facebook is depicted below, with Plaintiff's use of the mark on the left, and Defendant's infringing use on the right.



21. There is a high likelihood of customer confusion caused by Defendant's infringing use of the trademark, particularly because he is using the trademark in connection with

52583213v5

the same type of services offered by Plaintiff, in this same region where Plaintiff operates. In fact, as detailed below, there have been instances of customer confusion.

22. Upon information and belief, the former owner of the trademark became aware that Defendant was offering services using the name Summer's Turf Landscaping, and asked him to cease his infringing use of the trademark.

23. Defendant did not cease his infringing use of the trademark after the trademark's former owner demanded it.

24. Defendant's continued, unauthorized use of the Summer's Turf name has caused actual confusion to Plaintiff's customers.

25. In one instance, Plaintiff received complaints from a customer about the poor quality of lawn care services provided by Defendant under the name Summer's Turf Landscaping. Because of Defendant's infringing use of this name, this customer mistakenly believed that it had purchased the services of Plaintiff, and was not aware that Defendant's business was not affiliated with Plaintiff.

26. Defendant's unauthorized use of the Summer's Turf name is likely to cause more instances of confusion like this one, and undermine the reputation and goodwill that Summer's Turf LLC has established over its many years of business.

27. Upon information and belief, Defendant's use of the Summer's Turf name reflects a deliberate effort to trade on the goodwill associated with the trademark, to benefit Defendant's own business venture.

28. On September 12, 2024, counsel for Plaintiff sent a letter to Defendant demanding, among other things, that he cease and desist from all current or future uses of the name Summer's Turf.

29. The September 12 letter asked that Defendant respond and confirm compliance by September 26, 2024.

30. The September 12 letter reserved the right to take further legal action if Defendant did not timely respond or comply with Plaintiff's demand.

31. To date, Defendant has never responded to the September 12 letter and has persisted in his infringing use of the trademark.

**COUNT I**
**Trademark Infringement in Violation of 15 U.S.C. §§ 1114 and 1125(a)**

32. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 31, above.

33. Plaintiff owns a valid and legally protectable interest in the trademark.

34. Defendant has used and continues to use Plaintiff's trademark in commerce, providing the same type of services as Plaintiff in the same region where Plaintiff operates.

35. Defendant's unauthorized use of the trademark has caused actual confusion and is likely to continue causing confusion among customers, creating the mistaken impression that Summer's Turf Landscaping is affiliated with Summer's Turf LLC.

36. The likelihood of confusion is heightened by the similarity in services provided by Plaintiff and Defendant, the fact that both parties offer services in Northern Illinois, and the fact that Defendant was previously employed by the former owner of the trademark.

37. Defendant's use of the trademark is knowing, intentional, and willful.

38. Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill as a result of Defendant's infringement.

39. Plaintiff has no adequate remedy at law for Defendant's infringement.

40. Unless enjoined by this Court, Defendant will continue to do the acts complained of herein and cause irreparable harm to Plaintiff.

## COUNT II
### Deceptive Trade Practices in Violation of 815 ILCS 510

41. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-40, above.

42. Defendant has engaged in a deceptive trade practice and unfair competition by using Plaintiff's trademark in a manner that is likely to cause confusion as to the source of his services, including by creating the mistaken impression that his services are affiliated with Plaintiff.

43. Plaintiff is likely to be damaged by Defendant's deceptive practices.

44. Defendant's deceptive use of the name Summer's Turf is willful.

45. Defendant has continued using the name Summer's Turf despite demands from the trademark's former owner and from Plaintiff that he cease using it.

46. Plaintiff has no adequate remedy at law for Defendant's deceptive trade practices.

47. Unless enjoined by this Court, Defendant will continue to do the acts complained of herein and cause irreparable harm to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. A finding that Defendant has infringed the trademark;

B. A finding that Defendant's infringement was and is intentional;

C. Disgorgement of Defendant's profits realized through the use of the trademark;

6

D. An award of actual damages for Defendant's infringement of the trademark.

E. An award of treble damages pursuant to 15 U.S.C. § 1117(a);

F. Reimbursement of costs and attorneys' fees from the exceptional nature of this case, pursuant to 15 U.S.C. § 1117;

G. Reimbursement of costs and attorneys' fees pursuant to 815 ILCS 510/3.

H. An injunction preliminarily and permanently enjoining and retraining Defendant, Defendant's employees, agents, representatives, and all persons acting in concert or in participation with Defendant, from using Plaintiff's trademark in connection with lawn care or landscaping services of any kind;

I. Any other and further relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Dated this 15th day of October, 2024.

*s/ Jessica Hutson Polakowski*
Jessica Hutson Polakowski, Bar No. 1061368
Attorney for Plaintiff
Reinhart Boerner Van Deuren s.c.
22 East Mifflin Street, Suite 700
Madison, WI 53703
Telephone: 608-229-2200
Facsimile: 608-229-2100
Email: jpolakowski@reinhartlaw.com

52583213v5